Argued and submitted March 27, reversed and remanded for new trial
December 12, 1990

## STATE OF OREGON,
*Respondent,*

*v.*

## WILLIAM ANTHONY SURFACE,
*Appellant.*

(CF 87-506; CA A60045)

802 P2d 100

Ingrid A. MacFarlane, Salem, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender, Salem.

Douglas F. Zier, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Joseph, Chief Judge,* and Riggs and Edmonds, Judges.

EDMONDS, J.

---

* Joseph, C. J., *vice* Graber, *former* P. J.

## EDMONDS, J.

Defendant appeals his conviction for first degree theft for receiving stolen property in Umatilla County. ORS 164.055; ORS 164.015(5). He assigns as error the court's denial of his motion to suppress.[1] We reverse.

Pendleton Police Officer Palmer was investigating a burglary that occurred in Pendleton. Acting on information from an informant, he obtained a search warrant from the Tribal Court for the Confederated Tribes of the Umatilla Reservation to search defendant's residence on the reservation. Palmer executed the warrant and seized property that was offered as evidence to convict defendant.

Defendant moved to suppress the evidence on the ground that the tribal judge lacked authority to issue the search warrant to Palmer. The motion was denied.

Part V, section 24 C(2) of the Criminal Code and Procedures of the Confederated Tribes of the Umatilla Indian Reservation Code governs search and seizure procedures on the reservation. Section 24 C(2)(b) provides:

"Application for a search warrant may be made *only* by a *tribal* attorney or by any *tribal* police officer." (Emphasis supplied.)

Section 24 C provides:

"Evidence obtained by unlawful search and seizure is inadmissible."

The state does not dispute the applicability of the code to the search of defendant's residence and concedes that there was a violation of section 24 C(2)(b), because the officer who applied for the search warrant was neither a tribal attorney nor a tribal police officer. However, it argues that the violation was merely statutory, not of constitutional proportions, and does not justify suppression. *See State v. Davis,* 295 Or 227, 666 P2d 802 (1983).

The state's argument is wrong. The validity of the warrant is determined by the code. Because the warrant was unauthorized and a nullity, it can have no viability under

---

[1] Because we resolve the assignment of error regarding the motion to suppress in defendant's favor, we do not reach his other assignments.

Oregon law. Therefore, the evidence seized pursuant to it is inadmissible in an Oregon court. *See State v. Railey,* 87 NM 275, 532 P2d 204 (1975).

Reversed and remanded for a new trial.